UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRIAN P LOGARBO                                    CIVIL ACTION NO. 22-cv-831

VERSUS                                             JUDGE TERRY A. DOUGHTY

LOUISIANA STATE UNIVERSITY HEALTH    MAGISTRATE JUDGE HORNSBY
SCIENCES CENTER, ET AL

**MEMORANDUM ORDER**

Brian Logarbo ("Plaintiff") filed suit in state court after he was terminated from a medical residency program at LSU-HSC. His original petition, which named LSU-HSC as the only defendant, referred to the United States Constitution but appears to have relied primarily upon state law. The case was removed after Plaintiff filed a first amended and restated petition that added several individual defendants and set forth specific counts, with counts four and five specifically invoking the U.S. Constitution and 42 U.S.C. § 1983.

Defendants filed a Motion to Dismiss (Doc. 9) that attacked the federal and state claims for failure to state a claim on which relief may be granted. Plaintiff responded with a memorandum in opposition in which he argued the adequacy of his amended and restated petition and asked, if the court found it lacking, that he be allowed to file an amended complaint and remedy the shortcomings. The motion to dismiss is now fully briefed.

When a plaintiff's complaint is met with the Rule 12(b)(6) motion to dismiss, the plaintiff may respond by amending his complaint and attempting to cure the defects argued in the motion. Federal Rule of Civil Procedure 15(a) allows a party to amend his complaint once without leave of court in certain circumstances, including if the amendment is filed

with 21 days after the motion. The Advisory Committee Notes of the 2009 amendment that added this provision state that it is designed to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." The notes add, "A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim."

The rule allowing amendment without leave was not applicable here because Plaintiff had already amended his petition once before the motion to dismiss was filed, but the court would almost certainly have granted a motion for leave to amend at this preliminary stage of the case and considering the note quoted above. Plaintiff instead stood on his current pleading but asked for an opportunity to amend if it is found lacking. Such generic requests—when no proposed amendment is offered, and no particular suggestions are given regarding the additional facts that would be alleged—are often ignored or denied, and the Fifth Circuit has affirmed district courts that do so. See, e.g., Scott v. U.S. Bank, 16 F.4th 1204 (5th Cir. 2021) (affirming denial of leave to amend when opposition to motion to dismiss argued complaint was adequate and made a generic request to amend if it was not) and McKinney v. Irving ISD, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs "failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment"). But there is the possibility that, after the court has invested significant time and resources in assessing the merits of the current pleading, the plaintiff would later present an amended

complaint and persuade this court or the appellate court that amendment should be allowed. That would render the court's prior efforts assessing the first amended petition a waste of time and resources.

Rather than move forward and risk such a wasteful scenario, the court finds that the better course is to set a deadline for Plaintiff to file a motion for leave to amend his complaint and plead his best case. That deadline is **June 27, 2022**. If Plaintiff does not file a motion for leave to amend by that date, he will be deemed to have waived any request to amend, and the court will proceed to address the motion to dismiss based on the first amended petition and the current briefs. If Plaintiff is allowed to amend his complaint, the court will deny without prejudice the pending motion to dismiss and allow the defendants 21 days to file an answer or a new motion in response to the second amended complaint.

Plaintiff may wish to consider when preparing any such amended complaint whether he wishes to maintain his two federal counts or dismiss them and rely solely upon his several state law counts. If Plaintiff elects to dismiss his federal claims at this early stage of the litigation, the court likely will remand the remainder of the case—which would consist only of state law claims—based on 28 U.S.C. § 1367(c)(3). Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587–90 (5th Cir.1992) (district court abused its discretion in retaining jurisdiction over state-law claims following the dismissal of all federal-law claims at a relatively early stage of the case); Phelan v. Norville, 460 Fed. Appx. 376, 382 (5th Cir. 2012) (district court did not abuse discretion when it remanded state law claims, after dismissal of federal claims, less than six months after removal).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of June, 2022.

Mark L. Hornsby
U.S. Magistrate Judge